UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 06-145

KOJAK BATISTE                                SECTION: "S" (1)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kojak Batiste's petition brought under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. #54) is **DENIED**.

BACKGROUND

On May 26, 2006, Kojak Batiste was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of knowingly and intentionally distributing fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On January 31, 2007, the government filed a Bill of Information to Establish Prior Convictions pursuant to 21 U.S.C. § 851(a).  This Bill of Information charged that Batiste pleaded guilty to distribution of cocaine in violation of Louisiana Revised Statutes § 40:967(A)(2) in the Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana.

On March 7, 2007, Batiste pleaded guilty to the one count indictment pursuant to a negotiated plea agreement.  On June 22, 2007, Batiste filed objections to the presentence investigation report.  Batiste argued that his prior conviction for aggravated flight from an officer

in violation of La. Rev. Stat. § 14:108.1 did not constitute a crime of violence and could not be used as the basis for a finding that he was a career offender. On June 27, 2007, the court overruled Batiste's objection, and sentenced him to 262 months imprisonment.

On November 1, 2010, Batiste filed a motion to file an out-of-time appeal in which he argued that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal when he requested that she do so. The court denied the motion finding that, in his plea agreement, Batiste expressly waived the right to appeal his conviction and/or sentence on any grounds, or to contest his conviction and/or sentence in any post-conviction proceeding, only reserving the right to appeal any sentence that exceeded the statutory maximum.

On March 2, 2011, Batiste filed this motion pursuant to § 2255 again arguing that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal.

## ANALYSIS

In his signed plea agreement, Batiste agreed "not to contest his conviction and/or sentence in any post-conviction proceedings, including but not limited to a proceeding under Title 28, United States Code, Section 2255." An ineffective assistance of counsel claim survives a waiver of appellate rights "when the claimed assistance directly affected the validity of the waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

Batiste does not allege that he received ineffective assistance of counsel in a manner that directly affected the validity of the waiver or the plea. Rather he claims that counsel was ineffective for failing to file a notice of appeal. Because Batiste's claim does not survive the waiver of his right

to contest his conviction in a post-conviction proceeding, his petition brought under § 2255 is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Kojak Batiste's petition brought under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. #54) is **DENIED**.

New Orleans, Louisiana, this  19th  day of July, 2011.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE