# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 06-145** |
| **KOJAK BATISTE** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kojak Batiste's **Motion to Reduce Sentence** under the First Step Act (Rec. Doc. 75) is **DENIED**.

## BACKGROUND

On May 26, 2006, Kojak Batiste was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana with one count of knowingly and intentionally distributing fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On March 7, 2007, Batiste pleaded guilty to the one count indictment pursuant to a negotiated plea agreement. Under the version of 21 U.S.C. § 841(b)(1)(A)(iii) then in effect, the statutory penalty was 10 years to life imprisonment. However, because of Batiste's career offender designation, he faced an enhanced statutory sentencing range of 20 years to life, with a mandatory minimum of 240 months.

On June 20, 2007, Batiste filed objections to the presentence investigation report. Batiste argued that one of his two predicate convictions for career offender status, aggravated flight

from an officer in violation of La. Rev. Stat. § 14:108.1, did not constitute a crime of violence and thus could not be used as the basis for a finding that he was a career offender.

The court took up the objection at the June 27, 2007 sentencing. Then, as now, to qualify as a career offender, a defendant must have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). However, under the law prevailing at that time, "crime of violence" was defined by the career offender Guideline to include any felony offense that: "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2006). In Batiste's case, his aggravated flight from an officer charge involved Batiste forcing another vehicle off the street and almost striking a pedestrian. Finding that this crime presented a serious potential risk of physical injury to another, the court determined it was a crime of violence and a valid predicate offense for a career offender designation. The court overruled Batiste's objection, and determined that his total offense level was 34 and his criminal history was category VI, indicating a guideline range of 262-327 months imprisonment. The court sentenced Batiste to 262 months imprisonment. His projected release date is May 30, 2025.

Batiste now moves the court to reduce his current sentence of 262 months to 120 months or time served, pursuant to Section 404 (b) of the First Step Act of 2018.[1] He seeks a reduction based on several grounds. First, while Batiste was designated as a career offender at his original sentencing, he argues that he would not so qualify if sentenced today, so that his Guidelines

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

range would be 77 to 96 months, restricted to 120 months by the statutory minimum. Second, he cites to his positive post-conviction conduct in prison. Finally, Batiste urges that the totality of the circumstances in this case demonstrates that the time he has served (approximately 13 years) is sufficient to punish him for his crime, protect the public, deter him from future crime, and provide effective correctional treatment and vocational training.

The Government opposes a reduction, arguing that although Batiste is eligible for consideration because he was sentenced prior to August 3, 2010 for an offense covered by the First Step Act, his designation as a career offender under the Guidelines remains unchanged, and thus the applicable Guideline range of 262-327 months remains unchanged.

## DISCUSSION

Section 2 of the Fair Sentencing Act of 2010,[2] entitled Cocaine Sentencing Disparity Reduction, increased the drug quantity triggering the five-year mandatory minimum for crack offenses from 5 grams to 28 grams, and increased the drug quantity triggering the ten-year mandatory minimum from 50 grams to 280 grams. Section 404(a) of the First Step Act of 2018 made these new mandatory minimum rules retroactive to "covered offenses" – offenses to which the modified statutory penalties applied and which were committed before August 3, 2010. Section 404(b) of the First Step Act authorizes "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

---

[2] Pub. L. 111–220, 124 Stat. 2372 (2010).

It is undisputed that Batiste's offense involved a quantity of approximately 60 grams of crack cocaine and thus the applicable mandatory minimum was modified from 240 months to 120 months by section 2 of the Fair Sentencing Act, and that it was committed before August 3, 2010. Thus, Batiste's offense is a "covered offense" under the First Step Act, and the new applicable mandatory minimum is 120 months. However, because Batiste was designated a career offender, his Guideline sentencing range remains at 262-327 months.

Batiste urges the court to re-sentence him to the current mandatory minimum of 120 months or time served, emphasizing that under current law he would not be classified as a career offender. Under present law, the career offender Guideline defines a "crime of violence" as any felony offense that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (current). Thus, under current law, aggravated flight from an officer would not qualify as predicate crime of violence for a career offender designation.

However, in United States v. Hegwood, the Fifth Circuit specifically considered whether the First Step Act authorized courts to remove a career offender enhancement applied to a defendant eligible for re-sentencing under the First Step Act, and whose original sentence was imposed prior to the revision of the career offender Guideline. United States v. Hegwood, 934 F.3d 414 (5th Cir. 2019), cert. denied, No. 19-5743, 2019

WL 4923453 (U.S. Oct. 7, 2019). The court found that the First Step Act did not authorize a plenary resentencing, but rather that "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense. That is the only explicit basis stated for a change in the sentencing." Id. at 415. "The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 — saying the new sentencing will be conducted 'as if' those two sections were in effect 'at the time the covered offense was committed' — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense." Id. Thus, the court concluded that in sentencing a career offender under the First Step Act, the court applies the new mandatory minimum rules, but the career offender designation is unchanged.

  Hegwood instructed lower courts as follows: "The mechanics of First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." United States v. Hegwood, 934 F.3d at 418. Applying the rule of Hegwood to the present case, the effect of the First Step Act is that Batiste's applicable mandatory minimum is reduced from 240 months to 120 months, but his career offender status remains unchanged. This, his Guideline Sentencing range remains unchanged at 262-327 months.

At the time of Batiste's original sentencing, the mandatory minimum was 240 months; however, the court declined to sentence him to the mandatory minimum, instead imposing a higher sentence, at the bottom of the Guidelines range. While recognizing the interim changes in the law, and acknowledging the progress Batiste appears to have made in prison, the court observes that nothing has changed in the facts that informed its original sentencing decision, including Batiste's criminal history and the fact that the predicate crime of violence, aggravated flight from an officer, involved Batiste forcing another vehicle off the street and almost striking a pedestrian, clearly presenting "a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2006).

Accordingly, the court, heeding the rule announced in Hegwood, does not engage in a plenary resentencing, but considers this sentence as if section two of the Fair Sentencing Act of 2010 was in effect at the time of Batiste's offense, providing a 120 month statutory minimum for his crime. It does not consider any other interim changes in the law, including the revision to the career offender Guideline. Therefore, Batiste's Guideline Range is 262-327 months, and the court finds that a sentence of 262 months is appropriate.

## CONCLUSION

**IT IS HEREBY ORDERED** that Kojak Batiste's **Motion to Reduce Sentence**

under the First Step Act (Rec. Doc. 75) is **DENIED**.

New Orleans, Louisiana, this 7th day of November, 2019.

 **MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**