UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-145** |
| **KOJAK BATISTE** | **SECTION "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)** (Rec. Doc. 94) is **DENIED**.

### BACKGROUND

On March 7, 2007, Kojak Batiste ("Batiste") pleaded guilty to one count of distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On June 28, 2007 this court sentenced Batiste to imprisonment for 262 months in the custody of the Bureau of Prisons ("BOP"). He filed a motion to reduce sentence pursuant to the First Step Act of 2018 on February 14, 2019, which this court denied on November 7, 2019. He appealed that order to the Fifth Circuit Court of Appeals, which affirmed in part and remanded for further proceedings. This court reduced Batiste's term of supervised release from ten to eight years.[1] Batiste's appeal of that ruling is currently pending. Batiste is currently incarcerated at FCI Beaumont Low, in Texas, with a projected release date of December 30, 2024.

On November 13, 2019, Batiste's attorney sent an email with a request for compassionate release to two email addresses associated with the Warden of Beaumont Low FCI. After receiving no response, Batiste filed the instant motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that due to his medical conditions, he is especially vulnerable to COVID-

---

[1] Rec. Doc. 105.

1

19, and therefore has an extraordinary and compelling reason warranting compassionate release. Specifically, Batiste argues that his hypertension, high cholesterol, high body mass index, prediabetes, and recent COVID-19 diagnosis heighten his risk of severe illness or death. He further argues that Beaumont FCI Low is unable to properly manage COVID-19 outbreaks at the facility.

The government opposes the motion, arguing that Batiste is not entitled to compassionate release, primarily because he does not have a medical condition that the CDC has identified as definitively creating a greater risk of severe illness or death if a person contracts COVID-19.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which reads in relevant part:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**II. Administrative Exhaustion**

The requirement that a defendant file a request with the BOP before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020), cert. denied, 2020 WL 7132458 (U.S. 2020). In the present case, the government argues that Batiste's request was not exhausted because it was originally sent to what the BOP claims is a defunct email address. As a result, the BOP did not receive the request and thus, the 30-day period for the BOP to respond was not triggered. However, the petition was resubmitted to the correct email address on January 20, 2021, and on February 19, 2021, 30 days

had elapsed since that submission. Therefore, the government's exhaustion objection has been resolved.

## II. Merits Discussion

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community...." U.S.S.G. § 1B1.13. The Fifth Circuit has concluded that "[a]lthough not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).

### A. Batiste's medical issues are not an extraordinary and compelling circumstance.

General COVID-19 concerns are not an extraordinary and compelling reason that provide a basis for compassionate release. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In cases in which a defendant cites a medical condition as a basis for compassionate release, the relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A).

Batiste does not have any of the conditions itemized in the § 1B1.13 policy statement, nor has any doctor testified that he has another "terminal illness" not enumerated in § 1B1.13. Batiste's medical records reflect a diagnosis of high cholesterol and hypertension, and a BMI of 29, which while considered overweight, is not obese. His records further reflect a hemoglobin A1c level of 5.7, the very bottom of the range (5.7-6.4) for pre-diabetes. His records further reflect that he works out as time permits and lost ten pounds between April 2019 and March 2020. He receives daily medication for his cholesterol and high blood pressure.

The Fifth Circuit has observed that high cholesterol and hypertension place a prisoner at higher risk for severe symptoms if he is reinfected with COVID. Thompson, 984 F.3d at 434. However, these conditions by themselves do not establish extraordinary and compelling reasons for compassionate release. Id.

While Batiste tested positive for COVID-19 in November 2020, he has apparently fully recovered. Further, Beaumont FCC has a vaccine protocol in place and is vaccinating both staff and inmates. Courts have denied compassionate release requests when prisoners have already contracted COVID-19 and where the prison is adequately managing their medical care. See e.g. United States v. Gheith, 2020 WL 5850162 (E.D. La. Oct. 1, 2020). Batiste's COVID-19 diagnosis and recovery do not present an extraordinary and compelling reason to justify compassionate release.

In order to provide the relief sought by Batiste, in addition to finding Batiste's medical conditions were extraordinary and compelling, the court must also find that the condition is one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). In this case, there is no suggestion that defendant is presently unable to take care of himself within the confines of

his facility. Nor has he demonstrated that BOP cannot manage his medical condition appropriately. To the contrary, a review of defendant's medical records reflects that the BOP is adequately and competently administering the necessary care for the defendant. Accordingly, defendant's medical condition does not warrant compassionate release.

**B. No other compelling reason justifying compassionate release is present.**

Batiste argues additionally that his extraordinary rehabilitation warrants his immediate release. He points to the GED he earned while in prison, a drug abuse education program, and several reentry courses and programs. He is also employed through the BOP's UNICOR employment program, where he has worked for nine years. As the court has previously observed, Batiste's rehabilitation is noteworthy. However, in promulgating policy statements regarding what should be considered extraordinary and compelling reason for sentence reduction, Congress has explicitly directed the Sentencing Commission that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. 994(t).

**C. Consideration of the § 3553(a) factors does not warrant release.**

The court previously considered and denied Batiste's motion for a reduction pursuant to the First Step Act. In that ruling, the court noted that the facts that informed its original sentencing decision had not changed. Rec. Doc. 85. The sentence originally imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment. A reduction would not. The sentence imposed is sufficient but not greater than necessary to achieve the objectives of section 3553(a).

Batiste has failed to make a showing of extraordinary and compelling reasons warranting compassionate release, nor does a consideration of the section 3553(a) factors indicate release is appropriate, and accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 94) is **DENIED**.

New Orleans, Louisiana, this   9th   day of March, 2021.

                         _____
                               **MARY ANN VIAL LEMMON**
                           **UNITED STATES DISTRICT JUDGE**