UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 06-145** |
| **KOJAK BATISTE** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** of Motion for Compassionate Release Pursuant to § 3582(c)(1)(A) (Rec. Doc. 109) is **DENIED**.

### BACKGROUND

On March 7, 2007, Kojak Batiste ("Batiste") pleaded guilty to one count of distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On June 28, 2007 this court sentenced Batiste to imprisonment for 262 months in the custody of the Bureau of Prisons ("BOP"). He filed a motion to reduce sentence pursuant to the First Step Act of 2018 in February 2019, which was denied. He appealed that order to the Fifth Circuit Court of Appeals, which affirmed in part and remanded for further proceedings. On remand, the court reduced Batiste's term of supervised release from ten to eight years. On December 23, 2020, Batiste filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(a), which the court denied.

In the instant motion, Batiste seeks reconsideration of that denial. Batiste argues that in its prior ruling, the court unnecessarily limited its definition of extraordinary and compelling reasons justifying a reduction in sentence, and that an intervening change in Fifth Circuit

precedent clarifies this court's ability to find that he has presented extraordinary and compelling reasons. Batiste also argues that this court did not consider the disparity between the sentence he received and the sentence a defendant would have received under current sentencing guidelines. Batiste further argues that this court failed to consider whether, taken together, his circumstances justify compassionate release.

The government argues that this court's denial of compassionate release was properly informed by the § 1B1.13 policy statement of the United States Sentencing Guidelines. The government argues further that the sentencing disparity that Batiste alleges is neither extraordinary nor compelling and exists with every non-retroactive sentencing change.

Batiste is currently incarcerated at FCI Beaumont Low, in Texas, with a projected release date of December 30, 2024.

## DISCUSSION

### *Standard for Reconsideration*

Batiste seeks reconsideration of the previous denial of compassionate release. While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted). see also Fed. R. Civ. P. 59(e). The court's prior order was entered on March 9, 2021, and defendant filed the instant motion on March 23, 2021. It is therefore analyzed under Rule 59(e).

Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

*Analysis*

Batiste argues that, subsequent to the court's denial of his motion for compassionate release, the Fifth Circuit Court of Appeals decided United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021), which announced an intervening change in the law. Shkambi held that, in a defendant-filed motion under 3582(c)(1)(A)(i), the district court is not bound by the policy statements or commentary applicable to motions filed by the BOP. Id. At the time of the court's prior order and reasons, the Fifth Circuit had not explicitly stated that district courts were not

3

bound by the policy statements in those exact terms. However, the Fifth Circuit had specifically stated that the policy statements were "not dispositive" but rather "inform[] [the] analysis" of the extraordinary and compassionate circumstances issue.  United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021), cert. denied sub nom. Thompson V. United States, 2021 WL 2044647 (U.S. May 24, 2021). And in his prior motion, the defendant specifically argued that the §1B1.13 commentary did not restrict a court's discretion to find extraordinary and compelling reasons for a sentence reduction based on any circumstances presented by a given defendant.

    In ruling on the prior motion, the court specifically invoked the language describing the §1B1.13 commentary as non-dispositive but informative, and in considering defendant's compassionate release motion, proceeded as though it were not constrained by §1B1.13. Moreover, the court considered all of the bases defendant urges here as grounds for compassionate release, and concluded that "Batiste . . . failed to make a showing of extraordinary and compelling reason warranting compassionate release." Rec. Doc. 108, p. 5. Thus, defendant's argument that reconsideration is warranted because the court operated on the mistaken assumption that it was constrained by the policy statement is without merit.

    Defendant also argues that in its previous order, the court did not assess his non-medical arguments, and should thus reconsider its "extraordinary and compelling circumstances" determination. However, after concluding that defendant had not demonstrated a medical basis for compassionate release, the court specifically considered defendant's rehabilitative progress in a section headed "No other compelling reason justifying compassionate release is present." The court noted that Congress has explicitly directed the Sentencing commission that

"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The court concluded that while laudable, defendant's rehabilitative progress did not amount to an extraordinary and compelling circumstance.

The court's disposition of the sentencing disparity issue was made by reference to its prior order (Rec. Doc. 85). Batiste was sentenced to 262 months, the bottom of the guideline range of 262-327 months; under current law, his guideline range would be 77-96 months, restricted to the statutory minimum of 120 months. Batiste had previously challenged his sentence on the basis of the disparity, and in an order since affirmed by the Fifth Circuit Court of Appeals, the court held that despite the fact that Batiste would receive a lighter sentence today, his sentencing guideline range was unchanged. This was the result of his designation as a habitual offender, which he would not be considered today, due to changes in the law, which, unfortunately for the defendant, were not made retroactive. The court stated that it "previously considered and denied Batiste's motion for a reduction pursuant to the First Step Act" based on the sentencing disparity." Rec. Doc. 108, p. 5. Thus, the court viewed the sentencing disparity issue as having been separately disposed of by its prior denial of his motion for a reduction pursuant to the First Step Act, observing that "[i]n that ruling the court noted that the facts that informed its original sentencing decision had not changed." Id. The court reiterates that finding here.

Defendant further argues that the court did not properly weigh the § 3553 factors. The court first notes that considering its finding that extraordinary and compelling circumstances were not met, it did not need to reach the § 3553 factors. However, in point of fact, the court's

5

order recited that the original sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment, and that a reduction would not achieve those goals. The court concluded that the 3553(a) factors did not support such sentence reduction. Id. Thus, defendant's argument that in the challenged order, the court failed to consider the non-medical reasons for compassionate release, is without merit.

However, as argued by the defendant, the court, while separately considering the reasons advanced by the defendant for compassionate release, did not directly address the question of the weight of those reasons combined. It does so now, and concludes that taken together, they do not constitute extraordinary and compelling circumstances justifying release.

For the reasons outlined in its prior order, coupled with the fact that defendant recovered from COVID-19 and vaccinations are widespread and ongoing in the federal prison system, the court gives little weight to defendant's medical condition argument in the combined calculus. Thus, the court considers whether the acknowledged sentencing disparity and defendant's rehabilitative progress taken together constitute an extraordinary and compelling circumstance.

The court recognizes that in amending 18 U.S.C. § 3582, "a bipartisan coalition in Congress sought to boost grants of compassionate release by reforming § 3582(c)(1)(A)'s procedures in the First Step Act of 2018." United States v. Jones, 980 F.3d 1098, 1104 (6th Cir. 2020). The court also acknowledges that appellate-level courts have interpreted this expansion to authorize the weighing of multiple factors in combination, which standing alone would not constitute extraordinary and compelling circumstances are present, to determine if that threshold is met. See, e.g., United States v. McGee, 992 F.3d 1035, 1048 (10th Cir. 2021) (sentencing

disparity, when considered in combination with a defendant's unique circumstances, may constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i)); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (finding extraordinary and compelling circumstances where in addition to a 200-month sentencing disparity, other factors, including the defendants' youth at the time of their offenses, the amount of time each defendant had already served, their excellent institutional records, and the substantial steps toward rehabilitation taken by the defendants were present).

    In this case, the defendant argues that his combined unique circumstances – the sentencing disparity coupled with his rehabilitative progress – constitute unique circumstances justifying "safety valve" sentencing relief. However, the court finds that defendant's circumstances are not unique, and do not amount to extraordinary and compelling circumstances. Numerous defendants are serving sentences which would be shorter if imposed today as a result of the non-retroactivity of certain sentencing provisions, and many have made positive strides towards rehabilitation. At the time of the offense, defendant was over 31 years old and was on parole for another distribution of cocaine conviction. There is no contention that defendant was factually innocent of the aggravated flight from an officer conviction that predicated the sentence enhancement creating the disparity. Rather, defendant urges the court to rely on a disparity that if used by itself as a basis for the reduction, would permit an end run around Congress's retroactivity scheme in relation to the First Step Act, by considering it in combination with his rehabilitation, which Congress also explicitly rejected as a basis (in isolation) for a reduction. While in some situations factors that would not justify relief considered singly would do so when

considered in the aggregate, the court finds that is not the case here. Defendant's circumstances, even considered together, are not extraordinary and compelling.

Because the court concludes that extraordinary and compelling circumstances are not present, it need not reach the 3553 factors. 18 U.S.C. 3582(c)(1)(A). However, the court incorporates by reference its prior analysis. Rec. Doc. 108, p. 5. While the court notes that defendant urges it to reconsider the factors under new sentencing guidelines, the court has previously determined that the guidelines applicable to defendant have not changed. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** of Motion for Compassionate Release Pursuant to § 3582(c)(1)(A) (Rec. Doc. 109) is **DENIED**.

New Orleans, Louisiana, this  8th  day of June, 2021.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**